IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADANA R. FINCH, | ) |
| Plaintiff, | ) |
| v. | ) No. 14 C 07981 |
| | ) Judge John J. Tharp, Jr. |
| CORELOGIC / SAFERENT, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Adana Finch, sued Corelogic SafeRent LLC ("SafeRent"), which she contends is "in the business of conducting background checks of individuals," for violating the Fair Credit Reporting Act by disseminating inaccurate information, and, in turn, causing Finch to be denied public housing. The defendant moves for summary judgment based on Finch's inability to prove that SafeRent's tenant screening report of Finch caused the injuries of which she complains. The motion is granted.

### **BACKGROUND**[1]

In March 2011 Plaintiff was arrested and charged in Kane County, Illinois with the offenses of aggravated battery of a private security officer; aggravated battery in a public place; domestic battery which causes bodily harm; and domestic battery with physical contact. On December 6, 2012, Plaintiff pled guilty to misdemeanor disorderly conduct.

---

[1] Finch, represented by recruited counsel, fails to effectively dispute facts properly set forth and supported by SafeRent, and those facts are deemed admitted for the purposes of this motion. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir.2003)). This factual background, therefore, is taken from the defendant's Local Rule 56.1 Statement to the extent the facts therein are material and properly supported with admissible evidence. *See Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), as revised (July 19, 2010).

Plaintiff applied for housing with the Housing Authority of Elgin (HAE) in 2012. The HAE is a public housing authority established under the United States Housing Act of 1937 and the Illinois Housing Authority Act; it provides affordable housing for low- and middle-income families. HAE provides housing for those, among other, with Housing Choice Vouchers under the Section 8 program administered by the Department of Housing and Urban Development ("HUD"). HUD regulations for Section 8 provide that, as to participants in the Housing Choice Voucher Program, a public housing authority "may prohibit admission of a household to the program if the PHA determines that any household member is currently engaged in, or has engaged in during a reasonable time before the admission: "(1) Drug related criminal activity; (2) Violent criminal activity; (3) Other criminal activity which may threaten the health, safety, or right to peaceful enjoyment of the premises by other residents or persons residing in the immediate vicinity." 24 C.F.R. § 982.553. Criminal Activity is defined by 24 C.F.R. § 5.100 as "any criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause, or be reasonably likely to cause, serious bodily injury or property damage."

In connection with Finch's application to HAE, SafeRent provided a background report for the purpose of "resident screening" on July 30, 2012. The Report reflected that Finch had been arrested and charged with four counts of battery. On August 1, 2012, HAE sent Plaintiff a letter denying Plaintiff's application, explaining: "Your police record indicates that you would have adverse influence upon sound family and community life." The letter provided an opportunity for a rehearing, which Finch requested. But she failed to appear at the hearing scheduled for December 20, 2012 at 10:00 a.m. A December 27, 2012 letter stated that "[t]his is the second hearing scheduled for Adana where she did not show."

On June 4, 2013, Finch submitted a request to HAE to "port in" her Section 8 housing voucher; that is, to move to Elgin and retain her current eligibility for public housing. HAE requested a criminal history report from SafeRent. The resulting report stated that Plaintiff had been convicted of felony disorderly conduct—which is not true, her conviction was for a misdemeanor—and that she had been charged with three additional counts of battery. HAE denied Finch's "port-in" request based on a conviction for violent conduct in the previous five years; specifically, the letter referred to Finch having "[a]ny conviction for drug-related or violent criminal activity within the past 5 years."

Finch requested and obtained an informal rehearing. In its June 25, 2013, letter, HAE stated that "the hearing officer will review all documentation related to the charge(s) in question. You will have an opportunity to present any information to the hearing officer on that date."

Plaintiff claimed that her disorderly conduct conviction had been dismissed after her completion of court-ordered supervision. HAE asked Finch provide paperwork showing she had completed supervision and that her conviction had been dismissed. A hearing was held on July 3, 2013; Finch was represented by counsel and was permitted to present evidence. She provided court orders reflecting that disorderly conduct charge was amended down from felony to a class C misdemeanor, but she did not provide any paperwork showing that she completed supervision or that her conviction had been dismissed. The hearing officer affirmed the denial of Finch's portability request. In April 2013, before Finch's request to "port in" her Section 8 voucher, HAE had denied a portability request from another applicant who had pled guilty to disorderly conduct as a Class C misdemeanor.

## DISCUSSION

Under the FCRA, a consumer reporting agency is required to follow "reasonable procedures to assure maximum possible accuracy" of the information contained in a consumer's

credit report, 15 U.S.C. § 1681e(b), and a credit reporting agency that negligently violates the provisions of the FCRA is potentially liable for actual damages, costs, and attorney's fees. 15 U.S.C. § 1681o. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Finch's First Amended Complaint claims that SafeRent violated the FCRA by "(a) Failing to explain or aid third party requestors in the reading and interpretation of furnished reports; (b) Failing to receive proper consent before releasing information to third parties; and (c) Providing inaccurate information to third parties." FAC ¶ 4, ECF No. 19. As to third of these arguments, SafeRent maintains that Finch cannot prove her claim because the denial of her portability request was based on a conviction for a violent crime, regardless of whether SafeRent had reported it as a "felony" or a "misdemeanor." The first two claims, SafeRent says, are not cognizable under the FCRA, and maintains that Plaintiff in fact consented to the provision of her criminal history to HAE in any event.

Summary judgment "shall" be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts are construed and reasonable inferences drawn in the light most favorable to the non-moving party. *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015). Nevertheless, summary judgment is the stage when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Diadenko v. Folino*, 741 F.3d 751, 758 (7th Cir. 2013). "Plaintiffs cannot rest on the allegations of their complaint at this stage . . . . They need some evidence to present to a jury." *Harvey v. Town of Merrillville*, 649 F.3d 526, 532 (7th Cir. 2011).

In response to the summary judgment motion, Finch does not address the arguments that FCRA imposes no obligations to "explain or aid third party requestors in the reading and

4

interpretation of furnished reports" or to obtain "proper consent before releasing information to third parties." Nor does she dispute that she gave written consent in connection with her portability request. The failure to respond to arguments results in waiver. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013).

Finch does respond to SafeRent's argument that, even if it provided misinformation that Finch's disorderly conduct conviction was a felony (as it was charged) rather than a misdemeanor (as reduced), the effect on her housing application[2] would have been the same. Finch mocks the position that "[w]hile [SafeRent] violated the FCRA by reporting false information and refusing to correct its mistakes, there can be no action against it unless its report is the sole proximate cause of Ms. Finch's damages." Resp. 3, ECF No. 58.

Leaving aside "sole proximate cause," Finch simply ignores that there is indeed showing causation is required to make out a claim under § 1681e(b) of the FCRA, which, broadly speaking, prohibits the dissemination of false information. ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e."), Whether "sole" or not, there must be *some* causal connection between the plaintiff's injuries and the purported violation of the FCRA. Without a causal relation between the violation of the statute and the harm suffered, a plaintiff cannot obtain an award of actual damages.[3] *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Washington v.*

---

[2] Although Finch refers in her complaint to the loss of job opportunities as well as emotional health problems and skin rashes, there is no properly cited evidence in the summary judgment record regarding any of these alleged injuries

[3] Finch does not ask for injunctive relief. FAC, Prayer for Relief, ECF No. 19 (requesting "a sum in excess of the jurisdictional amount, plus costs").

5

*Equifax Info. Servs., LLC,* 373 F. App'x 633, 634 (7th Cir. 2010) ("Although Washington submitted hundreds of pages of records to the court documenting his medical problems, he did not establish that these problems (or any other damages) were causally connected to some violation by Equifax of the FCRA."). The same is true with respect to the obligation imposed by § 1681i of the FCRA to reinvestigate the accuracy of reports when notified of error (if Finch intends to raise such a claim at all).[4] In order to prevail on her claims, Finch must establish that she suffered damages as a result of the defendant's conduct in reinvestigating (or failing to reinvestigate) the alleged inaccuracies in the tenant report. *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 610 (7th Cir. 2005); *Bagby v. Experian Info. Sols., Inc.*, 162 F. App'x 600, 604 (7th Cir. 2006).

Here, there is no causal connection between the error in the report and the cause of the denial; Finch's application would have met the same fate even if the report had correctly identified her prior conviction as a misdemeanor. Finch disparages SafeRent for supplying "seriously inaccurate information" and "refusing to correct its mistakes" (which may or may not be true), but nowhere does she respond to the argument that she was denied housing because of her "violent" conduct rather than an erroneously reported "felony" conviction. Instead, she continues to argue, with no evidentiary support, that "as a result of" SafeRent's report of a felony conviction, "Ms. Finch was refused acceptance into a housing program she was otherwise eligible for." Resp. 3, ECF No. 58. As SafeRent points out, "Plaintiff has offered no facts to dispute the facts contained in HAE's declaration that would create any factual dispute as to the reasoning behind its denial of Plaintiff's request." Reply 3, ECF No. 59. The Executive Director

---

[4] Finch asserts that she disputed the accuracy of the report with SafeRent but has not specifically contended that SafeRent violated § 1681i or properly submitted evidence creating an issue of fact as to whether any such violation—as opposed to the stated reason of violent, if non-felonious, criminal conduct within the prior five years— caused the denial port-in request.

of HAE attested, and the denial letter confirms, that HAE denied Finch's portability request "based on a conviction for violent conduct in the previous five years." Duncan Aff. ¶ 8, ECF No. 55-2 & Denial Letter, Duncan Aff. Ex. 6. Finch has no retort.

Because Finch has failed to dispute that her housing voucher portability request was denied because of violent criminal conduct, not the reporting of a "felony" conviction, she cannot establish that SafeRent violated the FCRA by inaccurate reporting. Therefore, SafeRent's summary judgment motion is granted.

Date: September 27, 2016

John J. Tharp, Jr.
United States District Judge