**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

ADANA R. FINCH,

Plaintiff,

Case No. 14 CV-07981

v.

Judge: John J. Tharp, Jr.




CORELOGIC / SAFERENT,

Defendant,

**RULE 59(e) MOTION TO ALTER OR AMEND A JUDGEMENT**

Plaintiff, respectfully request that this court reconsider its decision under Rule 59(e), of the Federal Rules of Civil Procedure to Alter or Amend its judgement entered on September 27, 2016. (Docket number 60) The basis for this motion is that the Judge's decision is improper / incorrect based on the information he had at the time of the order. As explained in the Defendant's Memorandum Opinion and Order, the Court's decision was based on Finch's inability to prove that CoreLogic's tenant screening report caused the injuries of which she complains.

**BACKGROUND**

On March 31, 2011 Plaintiff was wrongfully arrested and charged in Carpentersville Illinois, the County of Kane in the offense of aggravated battery of a private security officer class 2, aggravated battery in a public place class 3, domestic battery which causes bodily harm class A, and domestic battery make physical contact class A, the Plaintiff was guilty before she was ever even tried for the false charges against her. What the Defendant's fail to mention in there Memorandum opinion is that these charges was fabricated by Officer Eric Holzer and Officer Cisnero only after I wrote to the Mayor of Carpentersville IL, and the Sargent of the Police department, due to the night of March 11, 2011 when my daughter Coya was brutally beaten and dragged through the mud by four bullies as Officer Holzer sat in his squad car watching, he did nothing to help her, when the officer seen me walking towards my daughter he then proceeded to exit his squad car, as the crowd moved towards the streets I ask Officer Holzer to please arrest them for attacking my daughter, he did nothing but attacked me, and when I tried holding my

daughter back from trying to break free from me, all I did was tapped her on her head just trying to hold her back, just trying to keep her calm, it was hard due to her disability, officer Holzer went on to attack me, he said that he would take me to jail for child abuse, shortly after that private security officer Kalim Kahn struck me in the chest, I never laid a finger on him, this all took place the night of the 11th and not the day I was arrested which was on the 31st, later on DCF's were called, the charges were filed falsely by these officers to make me look like a bad mother when in fact I'm a great mother, charges were un-founded, and the real attackers were never charged. I only pled to it out of fear of going to jail for a crime that never happened, once Officer Holzer, Officer Cisnaro and the security Officer Kalim Kahn lied on the witness stand before a Judge, I couldn't take the chance, I was scared of going to jail, who would care for my two disabled children the way I would, I couldn't gamble on their lives so I plead to the false charges.

---

Finch, recruited counsel, has failed to effectively dispute facts properly set forth and supported by Finch.

In June 2012 Finch was found guilty on count 1, and not guilty for count 2,3,4, Finch family then stepped in and hired an attorney from the County of Cook to appeal their decision, appeal granted for a new trial, attorney stated that Finch should be acquitted of all charges or found not guilty, December 6th 2012 I was told by counsel that I had to take a plea, there's no other choice, this is how racist it is in Carpentersville IL, regardless that I was innocent of all these charges.

On the December 6, 2012, the same date Finch pled guilty to misdemeanor Disorderly Conduct, the court changed the disposition of her case to "Re-Disposition: Withhold Judgement/Supervision Disorderly Conduct." (Kane Cty. Cir. Ct. Docket report). Under this ruling, after three months of non-reporting court supervision without violating the law, the State's complaint for disorderly conduct, the only charge pending against Finch at that point, would be terminated. The State terminated the charge on April 1, 2013, and the Kane County Circuit Court docket report for Finch case was updated in real-time to "Terminated Satisfied Disorderly Conduct." See Id. Correspondingly, Finch's guilty plea was withdrawn, and her plea was updated to "No Plea Entered," because there was no longer any charge against her.

March 06, 2013 the supervision was terminated and satisfied by The Kane County Circuit Clerk, on April 1, 2013 Status: closed, April 4, 2013 River Haven Place LP, did a Criminal Back Ground Report to rent one of their brand new homes located in East Dundee IL, criminal history report from CoreLogic, Offense-1 Disorderly Conduct Felony/ Withhold Adjudication, Offense 2,3,4, not guilty, they approved me for the home.

June 2013 Finch applied for housing with The Housing Authority of Elgin (HAE), Criminal Report ran by the same company, CoreLogic, Offense-1 Disorderly Conduct Felony/ Withhold Adjudication- **PRB W/ CM SRV**, which means their report states I'm on Probation and served Community Service, and Offense-2,3,4, not guilty, In CoreLogic's Report provided to The Housing Authority of Elgin, CoreLogic's Report

gave HAE's leverage to deny Finch's portability, and at the time I had no idea what this charge meant, and only learned of what the charges meant a year later after speaking with The Pro Se help desk.

---

Even if the Misdemeanor Disorderly Charge Had Not Been Vacated, It Would Not Have Warranted Denying Finch's Porting Request If It Had Not Been For CoreLogic June 2013 Report.

At any time for the following reasons, either the initial PHA or the receiving PHA may make a determination to deny or terminate assistance to the family in accordance with § 982.552. and § 982.553.Denial of admission and termination off assistance for criminals and alcohol abusers (1) Drug-related criminal activity; (2) Violent criminal activity; (3) Other criminal activity which may threaten the health, safety, or right to peaceful enjoyment of the premises by other residents or persons residing in the immediate vicinity,. Finch's porting request was denied on the basis that she had a "conviction for violent criminal activity." Disorderly Conduct under 720 ILCS 5/26-1(a)(1), a catch- all charge when a defendant allegedly "[d]oes any act in such an unreasonable manner as to alarm or disturb another and to provoke a breach of peace." Nothing in this charge suggests violence against people or property.

HUD's definitions implementing the anti-discrimination provisions of 24 CFR 1.4(b)(2)(iii), establish criteria for accepting or rejecting potential tenants. Appendix II of HUD's "Guide to Federal Regulations Concerning Public Housing," entitled "Definition of Terms," defines "Violent Criminal Act" as "[a]ny criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause, or be reasonably likely to cause serious bodily injury or property damage," The Disorderly Conduct misdemeanor with which Finch was charged neither states nor implies that any physical force is involved, much less "physical force substantial enough to cause...serious bodily injury." HAE's denial of Finch's porting request would be facially invalid even if the Disorderly Conduct charge had not been terminated, although it had been terminated.

Despite acknowledging that the only potentially relevant charge against Finch was a misdemeanor and acknowledging that the charge was to be terminated March 06, 2013, the July 10th letter denies Finch's porting request on the basis the hearing officer did "not have court papers showing that the...[misdemeanor] charges have been dismissed" and "[t]he criminal report [referring to the June 19, 2013 CoreLogic report discussed above,] shows disorderly conduct but it is listed as a felony." Thus, HAE continued to use the falsified June 2013 CoreLogic report to deny the Finch family's portability request.

CoreLogic Adverse Action Letters contained in consumer report(s) obtained from or through CoreLogic SafeRent, LLC, which states, this adverse action has been taken in accordance with the requirements of the Federal Fair Credit Reporting Act, 15 U.S.C. 1681 m(a) include the Plaintiff's criminal history report, which also states at this time we are unable to approve your application, due to what's in this criminal history report provided by CoreLogic. Defendant's states that Duncan denial letter confirms that the HAE denied the Plaintiff portability based on any conviction for violent conduct in the previous five years when in fact after writing a letter complaining of un fair treatment, I received a letter from Secretary Julian Castro, he asked the Chicago Regional Office to respond to the complaint I filed since they had jurisdiction over Elgin Housing Authority Portability, when in fact what Duncan stated was that On June 19, 2013, the background check was returned with information from the last five years, which is in conflict with HUD's "One Strike" policy and The Elgin Housing Authority's Administrative Plan, this did not apply to Finch, shortly after receiving a e mail from Mr. James A. Cunningham, Deputy Regional Administrator, stated I was correct, this doesn't apply to me.

Finch's Criminal history report provided by CoreLogic were the sole proximate for Finch's denial. Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information, must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information if it has been verified as accurate, you may seek damages from violators, if a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court. Rule [15 U.S.C. § 1681q] Obtaining information under false pretenses any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both. I'm pleading with the courts to alter or amend his decision on the basis of evidence that was not presented at the time his decision was made, Plaintiff suffered a great deal due to CoreLogic's false information,

**Plaintiff stayed in three different hotels, was homeless, lost an opportunity to lease a brand new home, was forced to live in Chicago for three months on a couch with her family, I was forced to drive from Chicago IL to Schaumburg IL five days a week so my son could attend summer school four days of the week the other was searching for some ware to live, I was forced to miss several sessions of therapy and psychiatric visits, my son missed several appoints of therapy group for autism children, my daughter had surgery and was forced to sleep on a couch, my son stayed sick to being allergic to cats and had to take medication for this every day, we had no idea that he was even allergic to cats, I was forced to sit in restaurants everyday with no money passing time until my son got out of school, my son school provided me with a gas card once a week to get my son to school and specifically stated that the gas was only to get him to and from school, so for the Defendant's to say I didn't suffer nor did I prove this, I lost for words, I proved it and submitted all documents to my council as we'll as pictures.** I moved out my town home with no idea that I would have false information in my criminal history report provided by CoreLogic, what CoreLogic provided in the report was false information that caused me to be denied the new home when I was approved for it, this was a one in a life opportunity that I may never come again due to landlords being so skeptical about renting to section 8 tenants.

**The plaintiff can establish that CoreLogic violated her by inaccurate reporting in her criminal history report.**

**Date: 10/14/2016**

[signature]

**Adana R. Finch**