

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

ADANA R. FINCH,

    Plaintiff,

        Case No. 14 CV-07981

v.         Judge: John J. Tharp, Jr.

CORELOGIC / SAFERENT,

    Defendant,

**FILED OCT 14 2016 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

### RULE 60(3) RELIEF FROM A JUDGEMENT OR ORDER

Plaintiff, Motion for Relief from Judgement or Order pursuant to Federal Rule of Civil Procedure 60(b)(3), The basis of this Motion would be that the Plaintiff attorney failed to provide the courts with important arguments based on evidence that she failed to submit.

### BACKGROUND

Plaintiff, was appointed council by the courts January 2015, council treated Finch as if she was working for the Defendant's, I've tried communicating with her but always felt a void between us, it was no connection, when we would communicate I would always haft to reach out the her by e mail, sometimes by phone not much though, I provided her with hundreds of pages of evidence by u.s mail, e mails, I also provided her with a copy of the transcripts from the March 10, 2011 case, Court Docket from Kane County Circuit Clerk, two criminal history reports from CoreLogic / SafeRent, two Adverse Action Letter obtain from or through CoreLogic / SafeRent, LLC, four different reason for denial of the Plaintiff portability, Letter to Consumer Reinvestigation Criminal Search Report CoreLogic, Illinois State Police Bureau Results: No Objection-Petition To The Expungement of the 2011 criminal charges, Letter from The Office of the Kane County Sheriff 's Department that they have had no contact with the Plaintiff, Certificate of Mailing For Order To Expunge And/ Or Seal, Supplement To Motion For The 2011 New

Trial, Clerk's Certificate And Sentencing Order of the Disorderly Conduct Felony Charges Amended, the evidence list goes on.

March 2016 the attorney proved that CoreLogic SafeRent Criminal History Report were the soul reason to deny the Plaintiff portability, and not to mention all the stress I endured, council was aware of this, I signed a release for the attorney to request documents from my doctors, Psychiatrist and Therapist, she failed to request them from the doctors. Plaintiff attorney was aware of the evidence prior to proven it in another case and the evidence were presented to her again, this time by a second attorney once I proved it, she received the evidence by e mail May 03, 2016 and May 10, 2016, the Plaintiff even contacted council by e mail May 10, 2016 to see if the material would help with the case, she stated yes, it was very kind of your attorney to send the information, she also stated that his timeline is especially helpful. The Motion for Summary Judgement was pending and I was under the assumption that she would seek leave to Amend the Plaintiff response to raise the fact that CoreLogic's records regarding Finch became more inaccurate between the its issuance of the April report to and the June report discussed in my Confidential Mediation Statement, and Regarding CoreLogic's claim of no damages, there are few substantive filings in Finch V. Housing Authority of Elgin, but the attached show HAE's use of Adana's purported criminal convictions as reported by CoreLogic as the basis for denying Adana's porting request.

**Date: 10/14/2016**

*/s/ Adana L. Finch*
**Adana R. Finch**