IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADANA R. FINCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 07981 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| CORELOGIC / SAFERENT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The plaintiff, Adana Finch, moves for reconsideration of the ruling against her on summary judgment under Rule 59(e) and Rule 60(b). Motions [62] and [64] are denied as explained in the Statement below. If Ms. Finch desires to appeal the judgment or the denial of these motions, she must file a notice of appeal within 30 days of this order.

## STATEMENT

As summarized in the Court's summary judgment opinion, ECF No. 60, the plaintiff was denied a public housing voucher and later, a "port-in" voucher, by the Housing Authority of Elgin (HAE). She contends that this is because defendant SafeRent inaccurately reported in her respective background checks that (1) she had been arrested and charged with four counts of battery; and (2) that she had been convicted of a felony. The first part of the report was true at the time, but as to the second, ultimately she had pleaded guilty to and was convicted of a misdemeanor charge of disorderly conduct rather than a felony.

Under relevant regulations, a public housing authority may deny an application if it determines that any household member is currently engaged in, or has engaged in during a reasonable time before the admission: "(1) Drug related criminal activity; (2) Violent criminal activity; (3) Other criminal activity which may threaten the health, safety, or right to peaceful enjoyment of the premises by other residents or persons residing in the immediate vicinity." 24 C.F.R. § 982.553. Criminal Activity is defined by 24 C.F.R. § 5.100 as "any criminal activity that has as one of its elements the use, attempted use, or threatened use of physical force substantial enough to cause, or be reasonably likely to cause, serious bodily injury or property damage."

In its initial denial of August 1, 2012, HAE sent Plaintiff a letter denying Plaintiff's application, explaining: "Your police record [the four battery charges] indicates that you would have adverse influence upon sound family and community life." The second time, HAE denied Finch's "port-in" request based on a conviction for violent conduct in the previous five years; specifically, the denial letter referred to Finch having "[a]ny conviction for drug-related or violent criminal activity within the past 5 years."

The Fair Credit Report Act ("FCRA) requires a consumer reporting agency to follow "reasonable procedures to assure maximum possible accuracy" of the information contained in a consumer's credit report, 15 U.S.C. § 1681e(b), and a credit reporting agency that negligently violates the provisions of the FCRA is potentially liable for actual damages, costs, and attorney's fees. 15 U.S.C. § 1681o. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Finch's First Amended Complaint claims that SafeRent violated the FCRA by "(a) Failing to explain or aid third party requestors in the reading and interpretation of furnished reports; (b) Failing to receive proper consent before releasing information to third parties; and (c) Providing inaccurate information to third parties." FAC ¶ 4, ECF No. 19.

SafeRent moved for summary judgment, and this Court granted the motion. As part of its opinion, the Court concluded that Finch had failed to effectively dispute facts properly set forth and supported by SafeRent, and deemed those facts admitted for the purposes of the motion. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir.2003)). The Court's factual basis was therefore taken from the defendant's Local Rule 56.1 Statement, to the extent the facts therein were material and properly supported with admissible evidence. *See Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010), as revised (July 19, 2010).

The Court first concluded that Finch failed to address SafeRent's arguments that the FCRA imposes no obligations to "explain or aid third party requestors in the reading and interpretation of furnished reports" or to obtain "proper consent before releasing information to third parties." Nor did she dispute that she gave written consent in connection with her portability request. The failure to respond to these arguments resulted in waiver. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013). Her first two grounds for relief therefore failed.

The Court further concluded that Finch did not raise a genuine issue of material fact as to her claim of negligent reporting because the undisputed record established that the denial of her portability request was based on a conviction for a "violent" crime, regardless of whether it was a "felony" or a "misdemeanor." In particular, Finch supplied no evidence of the causation required to make out a claim under § 1681e(b) of the FCRA, which, broadly speaking, prohibits the dissemination of false information. ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e.") Without a causal relation between a FCRA violation and the harm suffered, a plaintiff cannot obtain an award of actual damages.[1] *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Washington v. Equifax Info. Servs., LLC,* 373 F. App'x 633, 634 (7th Cir. 2010). To survive summary judgment, Finch needed some admissible evidence to establish a genuine issue of material fact about whether she suffered actual damages caused by the alleged inaccuracy in the second tenant background report. *Ruffin-Thompkins v. Experian Info. Sols., Inc*., 422 F.3d

---

[1] Finch did not request injunctive relief. FAC, Prayer for Relief, ECF No. 19 (requesting "a sum in excess of the jurisdictional amount, plus costs").

603, 610 (7th Cir. 2005); *Bagby v. Experian Info. Sols., Inc.*, 162 F. App'x 600, 604 (7th Cir. 2006). The Court concluded that such evidence was lacking. Ms. Finch moves to reconsider.

Finch's Rule 60(b) motion now purports to invoke subsection (3) which permits relief from judgment on the ground of "fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party." Mot., ECF No. 64. The motion is entirely based on her dissatisfaction with the performance of her recruited counsel. *See id*. at 1-2. This is not fraud, misrepresentation, or misconduct "*by an opposing party*" and is not grounds for relief under Rule 60(b)(3). The same holds true even if the motion could be premised on the catch-all provision of Rule60(b)(6). Any actionable misconduct by counsel—which is not to suggest an endorsement of that view—must be addressed in the context of a state-court malpractice proceeding. "[L]itigants are bound by the acts and omissions of their chosen[2] agents, including lawyers, and [] legal bungling therefore does not justify reopening a judgment." *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015); *Bell v. Eastman Kodak Co*., 214 F.3d 798, 802 (7th Cir. 2000) (The exclusive remedy for legal malpractice in a civil case . . . is a suit for malpractice or for breach of fiduciary duty."). Ms. Finch's motion does not provide grounds that merit relief from the court's judgment under Rule 60(b).

Ms. Finch's timely motion under Rule 59(e) fares no better. Under Rule 59(e), a court can alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Relief cannot be premised on evidence that is not "newly discovered or previously unavailable." *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011). Here, Finch does not argue any manifest error of the law—such as by contesting the principle that actual damages can be recovered only if caused by the FCRA violation—instead, her argument is that with the fuller picture of the evidence, the Court would have reached a different conclusion. Even if that were so, however, Rule 59(e) demands more.

Ms. Finch contends that this Court wrongly determined that she was unable to prove that any FCRA violation in SafeRent's tenant screening report caused the "injuries of which she complains."[3] Mot. 1, ECF No. 62. She now argues that there was no basis for any conclusion by the HAE that she engaged in "violent criminal activity," which was the reason her portability request was denied. She contends that, based on her misdemeanor disorderly conduct conviction, HAE lacked evidence of "criminal activity that has as one of its elements the use, attempted use, or threatened physical use of physical force substantial enough to cause or be reasonably likely

---

[2] Finch's recruited counsel had moved to withdraw before responding to summary judgment—a request this Court denied. Whatever the differences between Ms. Finch and her attorney at that juncture, in the Court's view, withdrawal was not warranted, *see* ECF No. 52, although that decision was later revisited, *see* ECF No. 67. Despite the attorney-client disagreements, however, there is no question that Ms. Byrne was Ms. Finch's representative, even if "chosen" by the Court rather than Ms. Finch.

[3] What the Court actually concluded was that the record contained no evidence of causation of *actual damages* under the statute. The Court has no doubt that Ms. Finch incurred certain "injuries," which, given the description in her motion, ECF No. 62 at 4, were not insignificant.

to cause seriously bodily injury or property damage" as "violent criminal activity" is defined in the regulations. Indeed, under Illinois law, the misdemeanor disorderly conduct for which she was convicted does not necessarily involve violence. See 720 ILCS 5/26-1(a)(1).[4]

This argument goes nowhere, for it provides no basis to establish that SafeRent's report—as contrasted with HAE's interpretation of that report—caused her any actual damages. SafeRent's error was in reporting her conviction as a felony rather than a misdemeanor, but the charge for which she was convicted—disorderly conduct—was accurately reported. To the extent that disorderly conduct might not constitute a crime of violence under HAE's guidelines, that error (if it were an error) would lay at HAE's doorstep, not that of SafeRent. Further, this argument, and the facts underlying it, have always been available to Ms. Finch—the factual basis precedes the complaint—but she did not set forth these facts and argument at the summary judgment stage.[5] There was no argument that her disorderly conduct conviction did not support a finding of criminal activity because of the elements of that offense or because it was not violent. See Resp., ECF No. 58. She argued only that she was "wrongly reported to be a felon," *see id*. at 3, which is immaterial for the purposes of the housing regulations relating to "violent" activity. Rule 59(e) "should not be used to allow a party to introduce new evidence or advance new arguments that it should have brought before the district court." *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir. 1999).

For these reasons, Ms. Finch's motions are denied.

Date: January 3, 2017

John J. Tharp, Jr.
United States District Judge

---

[4] That said, the "Felony Criminal Docket" of Kane County, see ECF No. 55-4, lists the guilty plea to disorderly conduct 720 ILCS 5/26-1(a)(1) as a "reduced" charge, and the original felony aggravated and domestic battery charges are listed as well; the general type of conduct at issue is therefore not mysterious, despite the statute to which she entered her plea.

[5] The argument might have been clearer with some reference to the evidence attached to her summary judgment response, but it was a largely unlabeled, indecipherable collection of documents that were not cited in support of any argument, nor were they used to create the requisite, but unfiled, Local Rule 56.1(b)(3) response statement of facts.

4